# IN THE COURT OF APPEALS OF IOWA

No. 13-1598
Filed December 24, 2014

**MT. ZION MISSIONARY BAPTIST**
**CHURCH OF CEDAR RAPIDS, IOWA,**
    Plaintiff-Appellant,

**vs.**

**CHURCH MUTUAL INSURANCE**
**COMPANY,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Linn County, Ian K. Thornhill,

Judge.


    A church appeals from the denial of its breach of insurance contract claim.

**AFFIRMED.**



    William H. Roemerman and Stephanie A. Legislador of Crawford, Sullivan,

Read & Roemerman, P.C., Cedar Rapids, for appellant.

    Robert B. McMonagle of Lane & Waterman, L.L.P., Davenport, for

appellee.



    Heard by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Mt. Zion Missionary Baptist Church (Zion) sought coverage from its insurer, Church Mutual Insurance Company (Church Mutual), for damage sustained during a flood. Zion claims the insurance policy language was ambiguous and the district court erred in finding the doctrine of reasonable expectations inapplicable. Pursuant to our holding in *Lifeline Ministries Church v. Church Mut. Ins. Co.*, No. 12-1181, 2013 WL 2107408 (Iowa Ct. App. May 15, 2013), we find the district court did not err in its interpretation of the insurance policy and affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS

Zion had property insurance on its church building, but not flood insurance, through its insurer, Church Mutual. In 2008, the Cedar River overflowed its banks and inundated the City of Cedar Rapids. Several hours before the surface waters reached the church, the sewer backed up into the church basement.

Zion sought coverage from Church Mutual for losses resulting from the sewer backup. When the company denied coverage, Zion sued for breach of contract. Zion filed partial motions for summary judgment. The district court denied Zion's motion on the ground that "reasonable minds could draw different inferences and reach different conclusions . . . with regard to the question of whether [Zion's] damages resulted from a sewer backup." The court declined to immediately rule on the applicability of a policy exclusion, stating:

> This fact issue impacts the Court's construction of the policy
> language. Once the cause of [Zion's] damages has been

determined by the trier of fact, the Court can, as a matter of law, determine whether exclusions relied on by [Church Mutual] apply and whether the doctrine of reasonable expectations serves to provide a basis for coverage for [Zion] in this case.

The case proceeded to a jury trial. The jury completed a special verdict form, which was not objected to. The form stated:

> Question No. 1: Did Mt. Zion prove that there was sewer back up that invaded its property through sewers or drains? Answer "yes" or "no."
> ANSWER: <u>YES</u>
> [If your answer is "no," do not answer any further questions.]
> Question No. 2: Did Mt. Zion prove that the sewer back up was caused by an event away from its property? Answer "yes" or "no."
> ANSWER: <u>YES</u>
> [If your answer is "no," do not answer any further questions.]
> Question No. 3: Did Church Mutual prove that the sole cause of the damage to Mt. Zion's property was flood? Answer "yes" or "no"
> ANSWER: <u>YES</u>
> [If your answer is "yes," do not answer any further questions.]
> Question No. 4: State the amount of damages sustained by Mt. Zion due to the backup of the sewer.
> TOTAL $ _____

The district court accepted the verdict and directed the clerk of court to enter it of record.

In post-trial briefs, both parties argued their respective positions on the construction of the policy language. While relying on our ruling in *Lifeline Ministries*, 2013 WL 2107408, at *3, the court concluded: (1) the facts, as determined by the jury, show the flood was the sole cause of damage to Zion's property, (2) the policy terms are not ambiguous, and the clear and unambiguous exclusion in the policy must be given effect, and (3) Zion did not establish the

requirements of the doctrine of reasonable expectations. The court entered judgment for Church Mutual, and dismissed Zion's claims. This appeal followed.

## II. STANDARD OF REVIEW

We use the errors at law standard when our decision rests upon the interpretation of an insurance policy. *Boelman v. Grinnell Mut. Reinsurance Co.*, 826 N.W.2d 494, 500 (Iowa 2013).

## III. ANALYSIS

The relevant provisions of the policy are as follows:

**EXCLUSIONS**
1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
. . . .
    7. Water.
        a. Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
        . . . .
        c. Water which backs up through sewers or drains except as provided under Additional Coverage – Back Up Through Sewers and Drains.

**ADDITIONAL COVERAGE—BACK UP THROUGH SEWERS AND DRAINS**
Subject to all other terms and conditions of this policy, we will pay for direct physical loss or damage to Covered Property caused by back up of water or sewage through sewers or drains only if caused by an event away from the described buildings and when the damage is not caused by flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not, and which did not enter the building through foundations, walls, floors, windows, cracks, roofs, or through other opening of the building.

Sewer or water damage occurring as a result of, either before or after, the excluded flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not, and entering the building through foundations, walls, floors, windows, cracks, roofs, or through other openings of the building is not covered.

In *Lifeline Ministries*, we had the occasion to construe identical insurance provisions. 2013 WL 2107408, at *4. *Lifeline Ministries* also concerned a Cedar Rapids church (Lifeline) that sustained damage in the flood of 2008. *Id.* at *2. Church Mutual denied Lifeline's insurance coverage request because Lifeline's policy did not cover damage resulting from flooding. *Id.* Lifeline then sued Church Mutual for breach of contract and argued the insurance policy was ambiguous. *Id.* The district court found the terms of the insurance policy were not ambiguous. *Id.* at *5. On appeal, we stated:

> The district court construed the policy language as follows:
>
> [T]he policy terms are not ambiguous, and the clear and unambiguous exclusion in the policy must be given effect. The policy language is clear that water or sewage back up that enters the property due to an event away from the covered property is not covered if the water or sewage back up was caused by flood, surface water, or the overflow of any body of water. The policy language cannot be reasonably read in any other way. The provision of the policy pertaining to sewer back up coverage simply reinforces that coverage is not provided for damage resulting from flood, surface water, or overflow of any body of water that enters the building through foundations, walls, floors, windows, cracks, roofs, or through other opening of the building. The policy is consistent in its exclusion of coverage for this type of damage.
>
> We discern no error in the court's construction. *See Postell v. Am. Family Mut. Ins. Co.*, 823 N.W.2d 35, 41 (Iowa 2012) (reviewing construction of policy for errors at law). The policy plainly covers "damage to Covered Property caused by back up of water or sewage through sewers or drains only . . . when the damage is not caused by flood." The policy reiterates "[s]ewer or water damage occurring as a result of, either before or after, the excluded flood . . . is not covered." And, in its general exclusion section, the policy separately excludes "loss or damage caused directly or indirectly by . . . flood."

*Id.* at *5–6.[1]

---

[1] We also reaffirm our holding concerning Zion's reasonable expectations argument:

We find no reason to upset our holding in *Lifeline* and accordingly affirm the ruling of the district court.

**AFFIRMED.**

---

At trial, and again on appeal, Zion argues that its reasonable expectations were frustrated by the insurer's decision to deny coverage for the sewer backup damages. The reasonable expectations doctrine "'can only be invoked [when] an exclusion (1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction.'" *Am. Family Mut. Ins. Co. v. Corrigan*, 697 N.W.2d 108, 118 (Iowa 2005) (quoting *Essex Ins. Co. v. The Fieldhouse, Inc.*, 506 N.W.2d 772, 777 (Iowa 1993)); *accord Postell*, 823 N.W.2d at 47–48. We agree with the district court that the reasonable expectations doctrine was inapplicable.